UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BIOMEDICAL SYSTEMS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 4:15 CV 1775 CDP |
| CHERYL CRAWFORD, | ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER TO SHOW CAUSE**

This newly-removed case is before me on my review for subject matter jurisdiction. Plaintiff Biomedical Systems Corporation (Biomedical) filed this action against its former employee, Cheryl Crawford, in Missouri state court alleging that she breached the Confidentiality, Nondislosure and Noncompetition Agreement (Agreement) she had with Biomedical when she became associated with a competitor, eResearch Technology, Inc. (ERT), shortly after she resigned from her position with Biomedical. Crawford removed this action to this Court on December 1, 2015, alleging diversity jurisdiction under 28 U.S.C. § 1332.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro*

*Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of subject matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938). The district court may also look to the Notice of Removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Id.*

Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). When the plaintiff's complaint does not state the amount in controversy, the defendant's Notice of Removal may do so. 28 U.S.C. § 1446(c)(2)(A). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court*." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014) (emphasis added). "Evidence establishing the amount in controversy is required by §

1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554.

Crawford's Notice of Removal acknowledges that Biomedical does not assert an amount in controversy in its state-court petition, but claims that the requisite amount is met because the compensatory damages and attorneys' fees sought by Biomedical are based on Crawford's annual salary of $103,000 at the time of her resignation from Biomedical, any corresponding benefits and bonus paid at the time of her resignation, and the alleged breach of the agreement. A review of Biomedical's petition, however, shows it to seek injunctive relief based on Crawford's impending employment with ERT,[1] its costs and attorneys' fees, and "compensatory damages based upon the evidence adduced at trial[.]" (Petn. at p. 9.) Nothing on the face of the petition shows Biomedical to seek monetary damages based on Crawford's past salary, benefits, or bonuses. In addition, while the value of injunctive relief and attorneys' fees may be included in calculating the amount in controversy, *see Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943), I am unable to discern from the petition or from Crawford's Notice of Removal the value of such relief.

For suits seeking injunctive relief, the value of the right sought to be enforced determines the amount in controversy. *Bishop Clarkson Mem'l Hosp. v. Reserve Life*

---

[1] Biomedical avers in its petition that it was not seeking a temporary restraining order inasmuch as it had been informed by Crawford's counsel that Crawford was "currently not engaged in any form of employment activities with ERT pending resolution of this dispute." (Petn. at p. 2.)

*Ins. Co.*, 350 F.2d. 1006, 1008 (8th Cir. 1965) (citing *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 181 (1936)). *See also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005). I recognize that, in such circumstances, the amount is not determined solely by damages and may not be susceptible to precise monetary measurement. *Bishop Clarkson*, 350 F.2d at 1008. As the removing party, however, defendant nevertheless bears the burden of establishing that the value of the relief sought meets the jurisdictional threshold. *See generally James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828 (8th Cir. 2005). In determining whether the requisite amount in controversy has been established, I must look at the record at the time of removal. *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 593-94 (8th Cir. 2001).

Here, the record shows that Crawford ended her employment with Biomedical on August 4, 2015, and was observed at an industry trade show in September 2015 with others from ERT. Biomedical sent a letter to Crawford dated October 1, 2015, reminding her of her obligations under the Agreement and seeking clarification of her relationship with ERT. Instead of responding to the letter, Crawford and ERT filed an action for declaratory judgment in a Pennsylvania state court on October 8. Biomedical filed this action in a Missouri state court on November 2. As of at least November 2, Crawford has not engaged in any form of employment activities with ERT and will not do so until this dispute is resolved.

From this record, I am unable to glean the value of injunctive relief,

compensatory damages, or attorneys' fees and thus question whether Crawford has established that the amount in controversy meets the jurisdictional threshold. Accordingly, I will give Crawford until December 14, 2015, to supplement her Notice of Removal with sufficient evidence for me to find, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Biomedical may file any opposition or motion for remand by no later than December 21, 2015. No additional briefing or a hearing will be permitted.

Accordingly,

**IT IS HEREBY ORDERED** that **defendant Cheryl Crawford shall show cause in writing no later than December 14, 2015, why this case should not be remanded for lack of subject matter jurisdiction by supplementing her Notice of Removal as set out above.**

**IT IS FURTHER ORDERED** that plaintiff Biomedical may file any opposition to defendant's Notice of Removal no later than **December 21, 2015**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2015.