UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BIOMEDICAL SYSTEMS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:15CV1775 CDP |
| CHERYL CRAWFORD, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER OF REMAND

Plaintiff Biomedical Systems Corporation (Biomedical) filed this action against its former employee, Cheryl Crawford, in Missouri state court alleging that she breached the Confidentiality, Nondislosure and Noncompetition Agreement (Agreement) she had with Biomedical when she became associated with a competitor, eResearch Technology, Inc. (ERT), shortly after she resigned from her position with Biomedical. Crawford removed this action to this Court on December 2, 2015, alleging diversity jurisdiction under 28 U.S.C. § 1332. Upon removal, I questioned whether the amount in controversy met the jurisdictional threshold to establish diversity jurisdiction, and I ordered Crawford to supplement her Notice of Removal with sufficient evidence for me to find by a preponderance of the evidence that the amount in controversy exceeds $75,000. Crawford filed her supplement, and Biomedical filed a separate motion to remand the case to state court. Because

Crawford has failed to establish the amount in controversy by a preponderance of the evidence, I will remand the matter to state court.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of subject matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938). The district court may also look to the Notice of Removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied at the time of removal. *Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817, 822 (8th Cir. 2011) ("axiomatic [that] the court's jurisdiction is measured at the time . . . of removal."); *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009) (removing party has burden of establishing jurisdiction).

Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). A party removing a diversity action to federal court must prove the amount in controversy by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Under this standard, "the jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are[.]" *Id.* at 959 (internal quotation marks and citation omitted) (alteration and emphasis in *Bell*).

Crawford's Notice of Removal acknowledged that Biomedical's state-court petition did not assert an amount in controversy, but claimed that the requisite amount was met because of the compensatory damages and attorneys' fees sought by Biomedical. As noted in my Order to supplement, however, nothing in Biomedical's petition showed the amount of damages sought, nor provided a basis upon which an amount could be determined. In her supplement, Crawford relies on three things to establish the amount in controversy: 1) media accounts showing Biomedical's annual revenues to exceed $75 million; 2) a page from the website of Bryan, Cave – the law firm employed by Biomedical in this action – showing it to be "a global law firm with more than 1000 highly skilled lawyers" and "25 offices across North America, Europe and Asia"; and 3) an e-mail from Biomedical's counsel wherein he declines to stipulate to an amount in controversy. In light of Biomedical's multi-million-dollar revenues, Crawford argues that its claimed potential loss of customer relationships and goodwill – when combined with attorneys' fees likely to be incurred by a large law firm in the region – results in an amount in controversy easily exceeding $75,000. Crawford further claims that the injunctive relief sought by Biomedical would prevent her from earning a living, further adding to the value of the object of this litigation.

To establish the requisite amount in controversy by a preponderance of the evidence, Biomedical is required to present "some specific facts or evidence demonstrating that the jurisdictional amount has been met[.]" *Hill v. Ford Motor*

*Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Instead of submitting facts or evidence specific to this litigation, Crawford asks me to rely on the general revenues of Biomedical and its retention of an established law firm to find that the requisite amount in controversy has been met here.[1] This non-specific information, however, invites only speculation as to the value of this litigation. "Speculation and belief that plaintiff's damages exceed $75,000.00 are insufficient to meet the defendant's burden of proof[.]" *Id.* Nor does Biomedical's failure to stipulate to the amount of damages provide sufficient evidence that the $75,000 threshold is met. *See Branch v. Wheaton Van Lines, Inc.*, No. 4:14-CV-01735 AGF, 2014 WL 6461372, at *2 (E.D. Mo. Nov. 17, 2014). Finally, to the extent Crawford contends that the object of this litigation would prevent her from earning a living, she has presented no evidence supporting this assertion, and I see nothing in the petition suggesting that this litigation could result in her being precluded from engaging in any and all employment opportunities.[2]

I cannot say on the record now before the Court that Crawford has proved by a preponderance of the evidence that the requisite jurisdictional amount is in

---

[1] In a subsequent filing, Crawford also asks me to consider Biomedical's representations made in a related declaratory judgment action now pending in a Pennsylvania state court that would indicate that this matter cannot resolve quickly and will require extensive discovery, thereby increasing the amount of attorneys' fees to be incurred. (*See* ECF #12, Deft.'s Resp. to Mot. Rem.) While I can look to events subsequent to removal if they are relevant to the existence of diversity jurisdiction at the time of the removal, *Schubert*, 649 F.3d at 822-23, I am reluctant to impute to this litigation subsequent conduct in another lawsuit in order to meet the jurisdictional amount. *See Commercial Coverage, Inc. v. Paradigm Ins. Co.*, 998 F. Supp. 1088, 1092 (E.D. Mo. 1998).

[2] Indeed, to be enforceable, confidentiality and non-compete agreements must be reasonable and consider an employee's interest "in having mobility between employers to provide for their families and advance their careers." *Whelan Sec. Co. v. Kennebrew*, 379 S.W.3d 835, 841 (Mo. banc 2012).

controversy. Because I must resolve all doubts about federal jurisdiction in favor of remand, *Central Iowa Power Co-op.,* 561 F.3d at 912, I will remand this case back to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Biomedical Systems Corporation's Motion to Remand [ECF #9] is GRANTED.

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of St. Louis County, Missouri, from which it was removed.

      *[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of January, 2016.